1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL BENJAMIN TENORE,                Case No.  2:25-cv-0071-JDP (P)

12                    Plaintiff,

13           v.                                ORDER

14    RENEE SIEMSEN, *et al.*,

15                    Defendants.

16

17

18          Plaintiff, a state inmate proceeding pro se, brings this § 1983 action against defendants

19    Renee Siemsen, a prison psychologist; and Diane Dobbs, Norma Loza, and Jack Weiss,

20    commissioners on the parole board, alleging that they violated his due process rights when they

21    denied him parole.  ECF No. 1.  Plaintiff fails to state a cognizable § 1983 claim.  Plaintiff may, if

22    he chooses, file an amended complaint that addresses the deficiencies noted herein.  I will grant

23    his application to proceed *in forma pauperis*.  ECF No. 8.

**Screening and Pleading Requirements**

25          A federal court must screen the complaint of any claimant seeking permission to proceed

26    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

27    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

28

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendants violated his due process rights when they denied him elderly parole. ECF No. 1 at 2. He contends that Dobbs, Loza, and Weiss relied on Siemsen's improper psychological assessment and plaintiff's criminal history when they denied him parole, when they should have taken into account his age and diminished physical and mental capacity. *Id.* at 2-9. He seeks money damages and injunctive relief reversing the parole board's decision. *Id.* at 19.

Plaintiff's allegations fail to state a cognizable § 1983 claim. Claims challenging denial of parole cannot be brought in a § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)

1  ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge the

2  fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate

3  state relief) instead.") (internal quotation marks and citations omitted).  Challenging the

4  procedures or evidence used to deny parole does not circumvent this principle.  *See Butterfield v.*

5  *Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("We have no difficulty in concluding that a challenge

6  to the procedures used in the denial of parole necessarily implicates the validity of the denial of

7  parole and, therefore, the prisoner's continuing confinement.").

8        Plaintiff's claims are better suited for a habeas corpus action.  *Robinson v. Cal. Bd. of*

9  *Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998).  However, I decline to convert this case

10  into a petition for habeas corpus because I cannot conclude that it was plaintiff's intent to file

11  such an action.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) ("When the

12  intent to bring a habeas petition is not clear, . . . the district court should not convert a defective

13  section 1983 claim into a habeas petition.").  And plaintiff does not allege that he has undertaken

14  the procedures required to exhaust a federal habeas petition.  Plaintiff may decide whether to

15  bring a separate habeas action challenging his parole denial.

16        Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  Out of an

17  abundance of caution and considering plaintiff's pro se status, I will allow plaintiff another

18  opportunity to amend his complaint before recommending that this action be dismissed.  If

19  plaintiff decides to file an amended complaint, the amended complaint will supersede the current

20  one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means

21  that the amended complaint will need to be complete on its face without reference to the prior

22  pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no

23  longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will

24  need to assert each claim and allege each defendant's involvement in sufficient detail.  The

25  amended complaint should be titled "First Amended Complaint" and refer to the appropriate case

26  number.  If plaintiff does not file an amended complaint, I will recommend that this action be

27  dismissed.

28

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 8, is GRANTED.

2.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.


Dated:    May 9, 2025                                    _____
                                                        JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE