UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENJAMIN TENORE,<br><br>Plaintiff,<br><br>v.<br><br>RENEE SIEMSEN, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-0071-JDP (P)<br><br>ORDER |

      Plaintiff brings this case alleging that defendants violated his due process rights when they denied him parole. ECF No. 1. On May 9, 2025, I screened the complaint and found that it failed to state a cognizable section 1983 claim. ECF No. 10 at 2-3. I dismissed the complaint with leave to amend. *Id*. at 3. Pending is plaintiff's objection and request to proceed, ECF No. 17, wherein he argues that my analysis is flawed and that his claim should be allowed to proceed. Specifically, he argues that the Supreme Court's decision in *Wilkinson v. Dotson* [544 U.S. 74 (2005)] "expressly found that a challenge to parole procedures was cognizable under §1983 without a prior favorable habeas petition." ECF No. 17 at 3. I disagree, decline to reverse my screening analysis, and direct plaintiff to file an amended complaint within thirty days of this order's entry. If he fails to do so, I will recommend that this action be dismissed.

1

1   In *Wilkinson v. Dotson*, the Supreme Court found that section 1983 claims challenging
2   harsher parole guidelines could proceed because success would not necessarily render the
3   prisoners' sentences invalid, nor would success result in immediate release or an automatically
4   shortened period of confinement. 544 U.S. at 82. Here, plaintiff is not challenging the imposition
5   of new state guidelines; the core claim of his case is that parole officials erred when they credited
6   a "fraudulent" psychological report, ECF No. 1 at 10, and failed to consider his advanced age and
7   health problems, *id.* at 12, 15. His case is unlike the circumstances described in *Wilkinson*,
8   because he is not attacking procedures; he is alleging that parole officials incorrectly weighed the
9   evidence in denying him parole. Other courts have found that similar claims cannot proceed
10  under section 1983:

> Unlike the plaintiffs in *Wilkinson*, plaintiff here does not seek to invalidate the state parole procedures used to deny him parole; rather, he seeks to invalidate the decision to deny him parole and his subsequent continued incarceration by claiming that defendants prepared and used a fraudulent psychological evaluation in a predetermined decision to deny him parole at his October 2014 parole suitability hearing. Put simply, the gravamen of plaintiff's complaint is that defendants wrongly denied him parole on the merits on October 2014 and caused his prolonged and unjust incarceration.

17  *Colt v. Venard*, No. 15-cv-4688-SK (PR), 2015 U.S. Dist. LEXIS 145091, *5 (N.D. Cal. Oct. 26,
18  2015) (internal quotation marks omitted). And, after *Wilkinson* was decided, the Supreme Court
19  has emphasized that it is not the role of federal courts to substantively review state parole denials.
20  *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (holding that, under federal law, a prisoner
21  subject to a state parole decision is entitled only to an opportunity to be heard and a state of
22  reasons for why parole was denied). Plaintiff's claims that parole officials considered an
23  erroneous report and failed to consider his age or medical status invites exactly the sort of
24  analysis that *Swarthout* forbids.
25  I am skeptical that plaintiff will be able to save his claim by way of amendment, but I will,
26  again, offer him the opportunity.
27  It is ORDERED that:
28  1. Plaintiff's objection and request to proceed, ECF No. 17, is DENIED.

  2. Plaintiff may, within thirty days of this order's entry, file an amended complaint. If he fails to do so, I will recommend this action be dismissed.

  3. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:  December 8, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE